UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVER BULLET, LP, | No. 2:18-cv-2348-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| DOMINGO RIVAS, ET AL., | |
| Defendant. | |

On August 29, 2018, defendant Martina Alvarado, proceeding pro se, removed this unlawful detainer action from Yolo County Superior Court. ECF No. 1. Ms. Alvarado also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Yolo County Superior Court and DENIES as moot Ms. Alvarado's motion to proceed in forma pauperis.

I.     SUBJECT MATTER JURISDICTION

    A.     Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

District courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

II. DISCUSSION

Ms. Alvarado's Notice of Removal asserts that the court has federal question jurisdiction because, among other claims that do not ground federal jurisdiction, *see*, *e.g.*, ECF No. 1 at 8 ("federal question law is the [f]ederal protection of homeowner discrimination against the poor in favor of the rich."), plaintiff "[has] caused Defendant harm under title 42 USC 1983 [*sic*] and 1985." ECF No. 1 at 2. But plaintiff's complaint asserts only a claim for unlawful detainer, *see* Compl., Ex. "A," ECF No. 1, which sounds clearly and exclusively in state law, *see PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal.

June 22, 2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.") (collecting cases). Further, neither Ms. Alvarado's answer nor her federal counterclaim provide this court with federal question jurisdiction. *See Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint is not based on federal law, the court does not have federal question jurisdiction over the action.

III. CONCLUSION

For the foregoing reasons, the court REMANDS this case to Yolo County Superior Court. The motion to proceed in forma pauperis, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED.

DATED: September 12, 2018.

_____
UNITED STATES DISTRICT JUDGE